## Case No. 8,982.

### MAJOR v. HANSEN.

#### [2 Biss. 195.] 1

Circuit Court, N. D. Illinois. Nov., 1869.

NOTES—ALTERATION—NOT MATERIAL—BONA FIDE HOLDER.

1. A bona fide holder of a promissory note from which the place where it was payable has been erased by an unauthorized person and without his knowledge can recover against the maker.

2. The alteration is not material, and enlarges but does not limit the rights of the maker.

Assumpsit upon a promissory note for $1.500 in gold "payable at the Commercial Bank of Canada." These words were erased, and the proof showed that this had been done after the note left the maker's hands, and without his knowledge or consent, but there was nothing to connect the plaintiff with the alteration, and he was a bona fide holder for value.

Beckwith, Ayer & Kales, for plaintiff.

Scoville, Bailey & Brawley, for defendant.

DRUMMOND, District Judge. There is no material alteration of this note. The effect of the words "payable at the Commercial Bank of Canada" was to give the defendant the right to discharge his obligation by tendering the money at the place designated, and the only effect of erasing them was to give him the additional right of tendering the money wherever he might find the plaintiff. The rights of defendant are thereby enlarged, and in no respect limited, and he cannot complain unless he can in some manner connect the plaintiff with the alteration, or can show that he tendered the money at the place stated and has been damnified. If these words had been added the case would have been different for that would have been a material alteration—a limitation of the rights of defendants.

In this case the maker has shown no injury to himself from the erasure of these words. and the note being negotiable the responsibility rests upon him to prove his equities. Judgment for plaintiff.

For general doctrine of alteration of instruments, consult 2 Pars. Cont. 716–724.